OGDEN, Appellant, v. MILLS, Respondent.

Where a garnishee, in discharge of a rule, answers on oath, that he was released by the plaintiff, and that the plaintiff had abandoned his examination, he should be discharged by the court without further delay, unless his answer is controverted by the affidavit of the plaintiff.

And where a party is garnisheed to answer on a certain day, and appears, and the summoning party declines, or is not prepared, to take his answer, and a term elapses without any action on the garnishment, the summons is discontinued, and the party discharged from liability to answer.

APPEAL from the Sixth Judicial District.

On the 18th September, 1850, D. Ogden Mills was garnisheed, in the case of Frederick Ogden v. Matthew Keith, as a debtor of said Keith, by the plaintiff. He appeared at the proper term, and was informed by the attorney of the plaintiff, Ogden, that they did not wish to examine him then. He was subsequently informed by Ogden, that he did not intend to examine him, and who absolved him from all liabilities connected with the notice served upon him as garnishee. On the 1st of October following, Ogden, the plaintiff, took judgment against Keith, and about the 3d December, 1852, one Presly Dunham took an assignment from Ogden of said judgment against Keith, and on the same day, more than two years after the service of the garnishee upon Mills, said Dunham filed a notice in the District Court, and moved that Mills should show cause why an attachment should not issue against him for failing to answer as garnishee as aforesaid, on the 18th September, 1850, on the notice above stated.

On the 4th December, 1852, Mills appeared in court, and filed his affidavit setting forth the above facts, and resisted the

application of Dunham, but the court, after hearing the parties, ordered him to appear before L. Saunders, Jr., as referee, and answer on the original garnishee, to which order Mills excepted.

Mills afterwards appeared before Saunders, the referee, and denied that he owed said Keith anything at the time of the service of the garnishee, or at any future time, and denied all responsibility in the premises.

Dunham then appeared before the court, and moved that an issue be formed between himself and Mills, garnishee, which the court overruled, and Dunham excepted.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

Where a garnishee, in discharge of a rule, answers, under oath, that he was released by the plaintiff from his obligation to answer, and that the plaintiff had abandoned his examination, he should be discharged by the court without further delay, unless his answer is controverted by the affidavit of the plaintiff.

And while a party is garnisheed to answer on a certain day, and appears, and the summoning party declines, or is not prepared to take his answer, and a term elapses without any action on the garnishment, the summons is discontinued, and the party discharged from liability to answer. This rule results from the peculiar relationship of the garnishee to the action. He at first partakes more of the character of a witness than a party; and as well might a witness be expected forever to appear because of one summons for a certain day. The business relations of men, who thus become incidentally connected with the litigation of others, cannot be allowed to be indefinitely suspended, on account of the gross laches of those others.

Judgment affirmed.