[S. F. No. 2148.   Department One.—April 4, 1902.]

JOHN BARNEICH, Respondent, v. M. MERCY et al., Appellants.

WATER RIGHTS—RIPARIAN OWNERSHIP—REASONABLE USE.—An upper riparian proprietor is entitled only to a reasonable use of the water of the stream for domestic and irrigation purposes, as against a lower riparian proprietor, who is also an appropriator of the water.

ID.—DAM—LOSS OF WATER—INJUNCTION.—The lower proprietor may enjoin the upper riparian proprietor from maintaining a dam upon his land which entirely prevents the flow of the water of the stream to the plaintiff's land and ditch, and causes it to back up and spread over a large surface, and to be lost to a considerable extent by absorption and evaporation.

ID.—SPRINGS ON LANDS OF UPPER PROPRIETOR—ACCESSION TO WATERCOURSE—LOSS OF RIGHTS.—It is no defense to the injunction that waters impounded by the dam have their source in springs on the lands of the defendants. After the waters of such springs find their way into the watercourse, any property rights of the defendants therein were lost.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

M. K. Harris, for Appellants.

W. D. Crichton, for Respondent.

GAROUTTE, J.—This is an action brought to restrain defendants from maintaining a dam across Little Panoche Creek, a small natural watercourse in the western part of Fresno County. Plaintiff is both an appropriator of water from the stream and a riparian proprietor. Defendants are riparian proprietors, owning lands upon the stream above plaintiff. This dam is constructed upon defendants' lands. Judgment was rendered declaring the dam a nuisance and ordering defendants to abate it. They appeal from that judgment and also from an order denying a motion for a new trial.

As riparian proprietors, defendants were entitled to a rea-

sonable use of the waters of the creek upon their lands for domestic and irrigating purposes (*Harris* v. *Harrison,* 93 Cal. 676), and upon this point the court made the following finding of fact: "That said dam prior to the commencement of this suit, and ever since, has prevented all and every part of the water above said dam from flowing down said stream and watercourse, and the said water is entirely prevented from flowing over and by said dam to plaintiff's lands, and the said dam has diminished the quantity of water in its natural flow, and does prevent the running of said water in said creek and watercourse, as it was accustomed to run in the state of nature; and by reason of said dam so constructed and maintained across said watercourse, the water is backed up and spread over a large surface, by reason of which a large portion thereof has and does become lost by absorption and evaporation, and this plaintiff is thereby deprived of the use of the same; and all of said water is by said dam prevented from flowing to plaintiff's premises, as it would have done had it not been for the dam so erected and maintained by said defendants." The evidence supports the foregoing finding.

It seems to be plain that the defendants' use, as indicated by the foregoing finding of fact, is not a reasonable one. It is said in the case above cited, "that no proprietor can absorb all the water of the stream so as to allow none to flow down to his neighbor." In *Lux* v. *Haggin,* 69 Cal. 394, it is said: "What is such reasonable use is a question of fact, and depends upon the circumstances appearing in each particular case." In *Ferrea* v. *Knipe,* 28 Cal. 340,[1] we find a case, as to its facts, substantially similar to the case now before the court, and the syllabus there found correctly declares the principle of law here involved, in the following language: "It is not a reasonable use of water for a riparian proprietor, who desires to use the same for watering cattle and for domestic purposes, to erect dams across the stream, by which the water is spread out and lost by evaporation and absorption so as to injure another riparian proprietor below."

Some point is made upon the claim that the waters impounded by the dam find their source in springs situated upon defendants' lands. If this be so, still, after these waters pass from the springs into the watercourse, whatever property

---

[1] 87 Am. Dec. 128.

rights defendants had in the use of them, by reason of their ownership of the land upon which the springs were situated, were lost. (*Eddy* v. *Simpson*, 3 Cal. 253.[1])

It is also claimed that plaintiff does not allege himself to be a riparian owner, but only asserts his rights as an appropriator. Even conceding the claim well made, still plaintiff, as an appropriator, has a right to have this dam abated under the facts disclosed by the finding made by the trial court heretofore quoted.

There are no other matters demanding the consideration of the court.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.