# Southern Iron & Steel Co. *v.* Acton.

*Injury to Realty.*

(Decided May 13, 1913. Rehearing denied June 6, 1913. 62 South. 402.)

1. *Pleading; Non-Recoverable Damages; Method of Reaching.*—A complaint is not rendered subject to demurrer because it claims nonrecoverable damages; the proper method being either by motion to strike, objections to evidence, or requested charges.

[Southern Iron & Steel Co. v. Acton.]

2. *Waters and Watercourses; Damages From; Liability.*—A person is not rendered liable for the acts of others, or of third parties directly occasioning the injury complained of, nor from the injurious consequences resulting without fault upon his part from the acts of predecessors in title merely because of a subsequent ownership of the property; hence, it was error to permit a lower riparian owner to introduce evidence showing the condition of the•creek and the land resulting from the operation of the furnaces and washers without confining the inquiry to the period embraced in the cause of action, and without regard to whether the washings upon plaintiff's land was due to the operation by defendant of˙these instrumentalities.

3. *Estoppel; Pleading; Replication.*—A revocation of matters of consent, either express or implied, set up in a plea of estoppel in an action for damages, or any other matter relied upon to defeat the operation of estoppel is properly pleaded by way of replication.

4. *Appeal and Error; Harmless Error; Evidence.*—Error in the admission of illegal evidence is not cured by correct instructions as to the matter to which the evidence relates.

5. *Same; Presumptions as to Effect.*—Injury is presumed where illegal evidence is allowed over seasonable objection, unless the whole record affirmatively rebuts such presumption.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by S. W. Acton against the Southern Iron & Steel Company, for damages to land by a deposit of minerals and refuse matters thereon. Judgment for plaintiff and defendant appeals. Reversed and remanded.

CAMPBELL & JOHNSTON, for appellant. The demurrers to count 2 as amended should have been sustained. —*N. Ala. Ry. Co. v. Mansell*, 138 Ala. 548; *A. B. & A. Ry. Co. v. Wood*, 160 Ala. 657; *T. C. & I. v. Hamilton*, 100 Ala. 52. The court erred in sustaining demurrers to defendant's 4th plea.—Form 32, sec 5383, Code 1907; *A. B. & A. v. Wood, supra.* The court was in error in sustaining demurrer to defendant's 6th plea.—*T. C. & I. v. Hamilton, supra.* The court also erred in sustaining demurrers to pleas 7, 8 and 9.—*Wefel v. Stillman*, 151 Ala. 249; *Clifton I. Co. v. Dye*, 87 Ala. 468. Under these authorities, the court was in error in per-

[Southern Iron & Steel Co. v. Acton.]

mitting the introduction of evidence as to the condition of the creek and the land without limiting it to the period covered by the cause of action, or the acts done by the defendant. In no event was the defendant liable for those things done by his predecessor in title. No loss of profits is claimed in the complaint, and charge 7 should have been given.—*N. A. C. & I. Ry. Co. v. Jones,* 156 Ala. 360. On the authorities heretofore cited, the court erred in giving charges 9 and 10 requested by plaintiff.

ALLEN & BELL, for appellee. Non-recoverable damages in a complaint do not have the effect of rendering it subject to demurrer.—Section 5440, Code 1907; *Cotton v. Rutledge,* 33 Ala. 110; *Burns v. Mayor, etc.,* 34 Ala. 485; *W. U. T. Co. v. Gartright,* 151 Ala. 413. In any event, the court gave the proper instructions covering this matter, and defendant had no right to complain.—*C. of Ga. v. McNabb,* 150 Ala. 332; *Ala. S. & W. Co. v. Griffith,* 149 Ala. 423. The statute could not begin to run until the time arrived when plaintiff could sue defendant.—*Cullman County v. Blount County,* 160 Ala. 319; *Washington v. Norwood,* 128 Ala. 391; *Steen v. Swadley,* 126 Ala. 660. The court properly sustained demurrer to the 6th plea.—*T. C. & I. v. Hamilton,* 100 Ala. 252; *Clifton I. Co. v. Dye,* 87 Ala. 468; *T. C. & I. v. McMillan,* 49 South. 880. The estoppel here attempted to be set up is unavailing to prevent recovery of damages.—*Cowan v. So. Ry.,* 118 Ala. 554; *S. & N. R. R. Co. v. A. G. S.,* 102 Ala. 235. Counsel discuss assignments of error relative to evidence, but without citation of authority.

PELHAM, J.—This suit is brought by the appellee as plaintiff in the court below against the appellant to

recover damages for injury alleged to have been done to the farm of the plaintiff by washings and refuse matter coming from the operation of a furnace and coal and ore washers by the defendant at its nearby plant. The injury complained of consisted of the defendant's causing to be emptied into the Cahaba river, above plaintiff's farm, the washings and other refuse matter from the operation of the furnace and coal and ore washers, which were washed in and upon the property of the plaintiff, who was a lower proprietor. It is averred in the second count of the complaint that these washings of refuse, debris, etc., were caused to be emptied into the Cahaba river by the defendant *"and those under whom it claims and under whom it entered,"* and that the operations resulting in the injury to the plaintiff were conducted by the defendant and its predecessors in title and possession of the property.

The defendant contends that it is not liable to respond in damages because of its mere subsequent ownership for what was done by others who owned and had possession of the property and operated it prior to its possession, ownership, and operation by the defendant, and directed demurrers, at the second count of the complaint taking this point. The second count of the complaint, according to the contentions made by the defendant, is deficient in failing to aver at what time or within what period certain acts complained of were committed, and who was the responsible party for the alleged injury resulting. In other words, the defendant contends that the count "ingeniously seeks to commingle and combine" with other averments matters and things and acts for which the defendant cannot be held responsible.

The defendant's demurrers to the second count of the complaint were overruled, and the plaintiff takes the

position (among others), 'in seeking to sustain the court's action in this particular, that the demurrers on these grounds do no more than raise the question of an improper claim for damages, and that as this count of the complaint makes out a cause of action for the proper recovery of damages, if it also combines in addition to damages recoverable a claim for nonrecoverable damages, such defect cannot be reached by demurrer. Conceding that this position is correct and applicable to the claim for damages made by the allegations of the second count of the complaint, yet the rulings on the evidence to which objections were made and exceptions reserved during the course of the trial, and that are made the basis of assignments of error insisted upon here, raise the same question, and there can be no doubt but that such a method properly presents the question for review.

As an instance of the court's ruling on the evidence in this particular, it allowed the witness Gibbs, against the objection of the defendant, to testify to the condition of the bottom or bed of the creek in 1910 with reference to the deposits of coal dust, slate, ashes, etc., without regard to time or by whom this condition had been brought about. The witness Vann was permitted to testify over the defendant's objection that in the fall of 1909 the lands in question had coal washings on them, without any limitation being put upon the question or answer as to the time or manner of its being put there, or the parties responsible for the act. For many years before the defendant acquired the furnace and washers and began to operate them, these properties had been owned and operated by other companies with which the defendant had no connection, save as successor in title. The predecessors in title to the defendant had in their operations accumulated quantities of re-

fuse matter along and adjacent to the creek's banks, such as was complained of having been washed upon plaintiff's lands. The period covered by the complaint for which a recovery could be had for the happening of injurious occurrences due to the defendant's wrong was limited to the year included between the 22d day of November, 1909, and November 22, 1910.

In the instances above pointed out, and at other times in the introduction of testimony, the court allowed the plaintiff, against the objection of the defendant, to introduce evidence showing the condition of the creek and the land resulting from the operation of the furnace and washers, without confining the inquiry to the period embraced in the cause of action, and without regard to whether the injury occasioned by the washing of these substances upon the plaintiff's lands was due to the operation by the defendant of these instrumentalities. The defendant would not be liable merely because of its subsequent ownership of the property for the acts of others or third parties directly occasioning the injury, nor for the injurious consequences resulting without fault upon its part from the acts of its predecessors in title, and it was error for the court to admit proof of injury resulting from conditions not limited or confined to acts for which the defendant would be responsible, or to a time within the period complained of. —*A. & B. A. L. Ry. Co. v. Wood,* 160 Ala. 657, 668, 49 South. 426; *T. C. I. & R. R. Co. v. Hamilton,* 100 Ala. 252, 14 South. 167, 46 Am. St. Rep. 48.

The appellee calls attention to the fact that the trial court gave written instructions at the request of the defendant limiting the recovery to acts for which the defendant would be liable in this action, but error in the admission of this illegal evidence is not cured or rendered harmless by instructions of this kind (*Pace v. L.*

& N. R. R. Co., 166 Ala. 519, 52 South. 52) any more than error in giving a faulty charge is cured by giving another and a correct charge on the same question.

When illegal evidence is allowed to go to the jury against seasonable objection, injury is presumed unless the whole record affirmatively repels such presumption. —B. R. L. & P. Co. v. Beck, 1 Ala. App. 291, 55 South. 428. We are unable to say from an examination of the record that injury did not result from the admission of this illegal evidence.

For the purpose of aiding the court below on another trial; we think it proper to call attention to what is said by the Supreme Court on the question of estoppel in the case of Wefel v. Stillman, 151 Ala. 249, 44 South. 203, for applying the broad rule of estoppel in pais, as authorized in suits of law by what is said in the opinion in that case to the general principles of law applicable to the instant case, as announced in Clifton Iron Co. v. Dye, 87 Ala. 468, 6 South. 192, it would appear that the defendant's plea (No. 9) setting up an estoppel was well pleaded, and that the court was in error in sustaining demurrers to it.

If there was a revocation, either express or implied, of the matters of consent set up by way of estoppel, or other matter relied upon to defeat the operation of the estoppel pleaded, this would be properly pleaded by a replication in answer to the plea.

The case must be reversed for the errors we have pointed out and discussed.

Reversed and remanded.