# Parsons v. Tenn. Coal, Iron & R. R. Co.

*Damage for Polluting Stream.*

(Decided February 12, 1914. 64 South. 591.)

1. *Limitation of Action; Trespass or Case.*—The statute of limitations of one year is applicable to an action by a lower riparian owner claiming in one count damages for the pollution of a stream by the deposit of debris therein by the upper riparian owner, and in another count, the negligence of defendant's servants or agents in the premises. since the action was in case and not in trespass.

2. *Water and Water Courses; Pollution; Limitations.*—Where the lower riparian owner suing in case for the pollution of the stream

[Parsons v. Tenn. Coal, Iron & R. R. Co.]

had not been deprived of the use of the water during a period of twelve months next before the bringing of the suit, he cannot recover.

3. *Same; Damages.*—Where the lower riparian owner sues the upper riparian owner for damages resulting from the pollution of a stream, he is under the duty to show a substantial injury therefrom, and is not entitled to damages for slight inconveniences or annoyances from the discoloration of the water, or the deposit of coal or other debris therein.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Pinkney R. Parsons against the Tennessee Coal, Iron & Railroad Company for damages to stream. Judgment for defendant, and plaintiff appeals. Affirmed.

The following charges were given for defendant: "(4) The court charges the jury that you cannot find any damages for the plaintiff on account of being deprived of the use of the water for domestic purposes, or for the use of the stock." "(6) Plaintiff, before he can recover anything, must reasonably satisfy you from the evidence that he has received some substantial injury, and you could not give any damages for slight inconveniences or annoyances, or the mere fact that the water was colored, or some deposits of coal or other debries were deposited, but did not substantially injure the plaintiff."

SCOTT & ALDRIDGE, for appellant. The two counts of the complaint are sustained by the case of *L. & N. v. Higginbotham*, 153 Ala. 334. The facts strongly sustain the circumstances of the complaint.—*Ala. C. C. & I. Co. v. Vines*, 151 Ala. 398. The court is therefore, in error in giving charge 1. Charges 2, 3 and 5 were also erroneously given.—*Tutwiler C. C. & I. Co. v. Nichols*, 146 Ala. 373.

PERCY, BENNERS & BURR, for appellee. Count 1 included every claim for damage which could have been

recovered under count 2, and therefore any error in giving the affirmative charge as to that count was without injury.—*Empire I. Co. v. Lynch,* 62 South. 16. The action was in case and the damages were confined to a period within twelve months next before the bringing of the suit, and hence, there was no error in giving charges 2, 3, and 5.—Cases cited by appellant.

SAYRE, J.—Plaintiff ( appellant) brought this action to recover damages alleged to have resulted from the pollution of a stream which flowed through defendant's property down upon and through plaintiff's freehold. The averment of count 1 is substantially that defendant, maintaining a mining camp and operating a coal washer upon its superior estate, deposited coal washings and other debris in the stream there, whence they were carried by the stream down to plaintiff's land, rendering the water unfit for any use, filling up the bed of the stream, overflowing his land, and greatly and permanently impairing its value by deposits thereon. These averments are repeated in count 2, where the further averment is made that plaintiff's damages were caused by the negligence of defendant's agents or servants in the premises. Having in view the statutes of limitation of one and six years, which answer actions upon the case and trespass respectively, appellant contends that count 1 is a count in trespass. Whether a complaint is in trespass or case depends, not so much upon the form of allegation adopted by the pleader, as upon the facts alleged, and the conclusion which the law draws from those facts.—*Sheppard v. Furniss,* 19 Ala. 764. Both those counts show an intervening agency—that is, the flow of the stream—between the wrongful act complained of and the damnifying consequence. They both show consequential injury, and are both counts in case.—

*Drake v. Lady Ensley Co.,* 102 Ala. 501, 14 South. 749,
24 L. R. A. 64, 48 Am. St. Rep. 77; *Tutwiler Co. v. Nich-
ols,* 146 Ala. 364, 39 South. 762, 119 Am. St. Rep. 34.
The case of *L. & N. R. R. v. Higginbotham,* 153 Ala. 334,
44 South. 872, cited by appellant, holds nothing to the
contrary.  The count there held to state a cause of ac-
tion in trespass will be found, upon inspection, to aver
damage as the immediate consequence of a wrongful in-
vasion of plaintiff's close, an original  and  inherent
wrong in the structure and operation  which  caused
plaintiff's injury.  From this view of the character of
the complaint, it results that the statute of limitation of
one year ran against both counts, and that the court
properly limited the recoverable damages to such as
plaintiff had suffered within that period.

Charge 6, given at defendant's request, correctly stat-
ed the nature of the wrongs for which plaintiff was en-
titled to recover.—*T. C. I. Co. v. Hamilton,* 100 Ala. 260,
14 South. 167, 46 Am. St. Rep. 48.

Charge 4 was also properly given, for the reason that
the evidence did not tend to show that plaintiff had been
deprived of the use of the water for domestic purposes,
or for the use of his live stock during the 12-month pe-
riod before suit brought.

We find no reversible error in the record.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ.,
concur.