(80 South. 463)

JONES et al. v. TENNESSEE COAL, IRON
& R. CO.    (6 Div. 783.)

(Supreme Court of Alabama.   Nov. 28, 1918.
Rehearing Denied Dec. 23, 1918.)

1. WITNESSES ⬤═372(2) — INTEREST — CROSS-
EXAMINATION.

In an action for damages for polluting a
stream, plaintiff should have been permitted on
cross-examination to show that witness had tes-
tified for defendant in other cases of similar
character and relating to the same stream, and
had collected evidence for defendant in such
cases.

2. APPEAL AND ERROR ⬤═1048(6)—HARMLESS
ERROR—EVIDENCE—EXCLUSION OF CUMULA-
TIVE EVIDENCE.

The wrongful exclusion of evidence sought
on cross-examination to show witness' employ-
ment to gather evidence for defendant in simi-
lar cases was not reversible error, where such
would have been merely cumulative of witness'
other testimony.

3. WATERS AND WATER COURSES ⬤═77—POL-
LUTION OF STREAM—ISSUES—EXISTENCE OF
FISH.

In an action for damages for pollution of a
stream, such as to prevent its use by plaintiff
where flowing through his land, the existence
or nonexistence of fish in the stream at any
given time held not in issue.

4. WATERS AND WATER COURSES ⬤═42 —
RIGHTS OF RIPARIAN PROPRIETORS —
STREAMS.

A riparian proprietor has the right to use
a stream flowing through his land for ordinary
purposes and the gratification of natural needs,
even though it be consumed in such use, which
extends to the use of water both by himself and
all living things in his legitimate employment.

5. WATERS AND WATER COURSES ⬤═65—POL-
LUTION OF STREAM—NATURE AND EXTENT.

A riparian proprietor has the right to ex-
traordinary or artificial use of the stream flow-
ing through his land and its waters, provided
such water is restored without unreasonable
diminution before leaving his land, and is not
so polluted as to injuriously or materially af-
fect its use by a lower proprietor.

6. WATERS AND WATER COURSES ⬤═71—POL-
LUTION OF STREAM — DAMAGES — ACTS OF
OTHERS THAN DEFENDANT.

In an action against a factory company for
damages for pollution of a stream, the defend-
ant is not liable for loss or injury sustained
by the independent acts of others.

7. WATERS AND WATER COURSES ⬤═77—POL-
LUTION OF STREAM—BURDEN OF PROOF.

In an action for damages for pollution of a
natural stream, the burden is on plaintiffs to
show defendant's negligence, or that there was
a willful and wanton use of the waters, so as
to create a nuisance, to plaintiff's damage as
charged.

8. WATERS AND WATER COURSES ⬤═77—POL-
LUTION OF STREAM—CONTINUITY—DAMAGE—
EVIDENCE.

In an action for damages for pollution of a
stream, evidence held not to show any injury
that would produce loss independently of any
subsequent wrongful act, so as to authorize col-
lection of all resulting damages, both before and
after action brought, in one suit.

Appeal from Circuit Court, Jefferson
County; J. C. B. Gwinn, Judge.

Action by Leo Jones and others against
the Tennessee Coal, Iron & Railroad Com-
pany for damages for polluting a stream.
Judgment for defendant, and plaintiffs ap-
peal.   Affirmed.

In the examination of the witness Ayers,
objection on the part of the defendant was
sustained to the following questions asked
of the witness by the plaintiff:

"About how many cases have you prepared
in this court for the Tennessee Coal, Iron &
Railroad Company of this same character?"

"I will ask you if you have not been a wit-
ness and in every case used on the question of
a nuisance in this creek for the last three years
for the Tennessee Company?"

"I will ask you if the Tennessee Company
don't use you for the purpose of collecting tes-
timony in preparing for trials and presenting
testimony to the jury as an expert here in all
of the nuisance cases?"

The third count, after alleging the cir-
cumstances of the parties as to their rela-
tive positions on the creek, and the acts
of the defendant in placing deleterious mat-
ters in the creek which damaged the plain-
tiffs' lands and diminished them in value
and use, concludes as follows:

"That by the negligence, and as a conse-
quence of the negligence, of the defendant in
the use of said creek as aforesaid, the plaintiffs'
property was damaged, and plaintiffs were in-
convenienced and greatly wronged and preju-
diced, to their damage as aforesaid."

The fourth count was for wantonly or
willfully creating a nuisance to the plain-
tiffs, to their damage.

Pinckney Scott, of Bessemer, for appel-
lants.

Percy, Benners & Burr, of Birmingham,
for appellee.

THOMAS, J.   The suit was for damage
by riparian proprietors for the pollution of
a stream flowing through their lands.

[1, 2] Of the several assignments of error
based on rulings in admission or rejection
of evidence we have only to say the ques-
tions to witness Ayers, tending to show his
bias or interest in defendant's behalf, should
have been permitted on cross-examination.
Patton v. State, 197 Ala. 180, 72 South. 401;

Ex parte State, Johnson v. State, 74 South. 366;[1] N., C. & St. L. Ry. v. Crosby, 183 Ala. 237, 62 South. 889; Parker v. Newman, 75 South. 479, 484, 485;[2] Allen v. Fincher, 187 Ala. 599, 65 South. 946; L. & N. R. R. Co. v. Stanley, 186 Ala. 95, 65 South. 39; Moore v. N., C. & St. L. Ry., 137 Ala. 495, 34 South. 617; A. G. S. R. R. Co. v. Johnston, 128 Ala. 283, 295, 29 South. 771; 1 Greenlf. Ev. (16th Ed.) § 450; Hughes on Evidence, § 48, pp. 370–373. The questions sought to be propounded to the witness Ayers were different from that in Southern Railway Co. v. Harrison, 191 Ala. 436, 67 South. 597, where the justice pointed to the fact that the question did not show its relevancy to the issues being tried. The purpose of the instant cross-examination was apparent. When, however, the witness' whole testimony is considered, it shows his admission of employment by the defendant as an expert and in and about the matter in question, and identified the topographic maps of the drainage area, and admitted having testified in Turner's suit for the "same pollution in 1916." The court was not informed there were other cases prepared in the court by the witnesses for the defendant, or that other than the instant case and the Turner case were tried for the pollution of said drainage area, or that the defendant had other suits of like nature in which the witness had testified on behalf of the defendant. The witness' interest, such as it was, in behalf of the defense, being shown, and the form in which the questions were put, enables us to say we do not think the case should be reversed for refusing to permit the further examination of the witness Ayers on this point on matters merely of a cumulative character.

[3] The fact, or not, of the existence of fish in Valley creek, at any given time, was without the issues made by the pleadings for which damages were claimed. Tutwiler Coal & Iron Co. v. Nichols, 146 Ala. 364, 39 South. 762, 119 Am. St. Rep. 34; Ala. Cons. C. & I. Co. v. Vines, 151 Ala. 398, 44 South. 377; Yolande Coal & Coke Co. v. Pierce, 12 Ala. App. 431, 68 South. 563.

[4, 5] It is the settled law of this state: (1) That a riparian proprietor has the right to use the stream and water that flows through his land for ordinary purposes and the gratification of the natural needs, even though the stream be consumed in such use; that such ordinary or natural use extends "to the use of the water ad lavandum et potandum, both by himself and all living things in his legitimate employment." (2) Such proprietor has the right to the extraordinary or artificial use of the stream and its waters, provided that by the use of such water it is not forced back or unreasonably or improperly precipitated on the lands of adjacent proprietors, and after its use it is restored to its natural channel

without unreasonable or material diminution before it leaves the land of persons diverting or subjecting it to artificial uses, and provided, further, it is not so polluted as to unreasonably, injuriously, or materially affect its ordinary and extraordinary use by the proprietor of the land into which the unused waters flow by its accustomed channel. Stein v. Burden, 29 Ala. 127, 65 Am. Dec. 394; Ulbricht v. Eufaula Water Co., 86 Ala. 587, 6 South. 78, 4 L. R. A. 572, 11 Am. St. Rep. 72; Ala. Cons. Coal & Iron Co. v. Turner, 145 Ala. 559, 649, 39 South. 603, 117 Am. St. Rep. 61; Stouts Mountain Coal & Coke Co. v. Ballard, 195 Ala. 283, 70 South. 172; Parsons v. T. C., I. & R. Co., 186 Ala. 84(3), 64 South. 591.

"Public concern about the reasonable exigencies of agriculture and manufacturing enterprise must be allowed to abate somewhat of the right of riparian proprietors to have a stream flow as it has been accustomed to flow, to receive and discharge it without appreciable impairment of its original volume or purity." Sloss-S. S. & I. Co. v. Morgan, 181 Ala. 587, 588, 589, 61 South. 283, 284.

The just rule, that may be reasonably applied to the circumstances of such cases, was stated by Judge Stone in T. C. I. Co. v. Hamilton, 100 Ala. 252, 260, 261, 14 South. 167, 170, 46 Am. St. Rep. 48, as follows:

"It is certainly true that, owing to the necessities of the present age—of agriculture, of manufactures, of commerce, of invention, and of the arts and sciences—some changes must be tolerated in the channels in which water naturally flows, and in its adaptation to beneficial uses. Reasonable diminution of its quantity in gratifying and meeting customary wants has always been permitted. So its temporary detention for manufacturing purposes, followed by its release in increased volume, is a necessary consequence of its utilization as a propelling force. Nor must we shut our eyes to the tendency—the inevitable tendency—of these and other uses, in which water is an indispensable element, to detract somewhat from its normal purity. These modifications of individual right must be submitted to, in order that the greater good of the public be conserved and promoted. But there is a limit to this duty to yield, to this claim and right to expect and demand. The water course must not be diverted from its channel, or so diminished in volume, or so corrupted and polluted, as practically to destroy or greatly impair its value to the lower riparian proprietor. 'Sic utere tuo' in such conditions is enjoined by social obligation and by law. It is difficult, if not impossible to declare a rule in language so clear and precise, as that it can be applied with certainty to every case that may arise. See Miss. Mills Co. v. Smith, 69 Miss. 299 [11 South. 26, 30 Am. St. Rep. 546]." Parsons v. T. C., I. & R. R. Co., 186 Ala. 84, 87, 64 South. 591; Sloss-S. S. & I. Co. v. Morgan, supra; Ala. Cons. Coal & Iron Co. v. Turner, 145 Ala. 639, 39 South. 603, 117 Am. St. Rep. 61, 4 L. R. A. 572; and note on Ulbricht v. Eufaula Water Co., supra.

[1] 199 Ala. 255.     [2] 200 Ala. 103.

[6] The evidence shows that the Woodward Iron Company, Graselli Chemical Company, United States Cast Iron Pipe & Foundry Company, American Tar Products Company, Sloss-Sheffield Steel & Iron Company, American Steel & Mining Company, and the sewerage system or flow therefrom of the city of Bessemer, and other independently contributing causes, also precipitated detritus or polluting elements into Valley creek and its tributaries above plaintiff's lands, and that some, if not many, of these contributing causes intervened between said lands in question and defendant's plant alleged as being the proximate cause of the pollution of that stream. In writing, defendant requested many charges as to such independently contributing cause, of which given charge No. 1 will illustrate. It was:

"The court charges the jury that they cannot find a verdict in favor of the plaintiffs in this case for any sum on account of any loss or injury they may have sustained by reason of any acts or performances of the Woodward Iron Company."

In Hamilton's Case, supra, Judge Stone said as to damages resulting from other independent causes:

"Witness Ray was asked by defendant if there were any other ore washers up there. The obvious meaning and purpose of this inquiry were to prove that some other ore washer on the stream above plaintiff's land had contributed to the pollution of the stream. The court, on plaintiff's motion, refused to let this question be answered, and the defendant excepted. In this the circuit court erred. If another, not acting conjointly with defendant in doing the act which produced the alleged adulteration of the water, contributed materially to the result and the injury charged, it is not consistent with law or justice that the defendant should be required to answer in damages for that part of the injury it did not inflict, a different rule would probably prevail if the tort charged was the joint act of two or more; for torts are joint and several, when perpetrated by one act, or with one instrumentality. The question asked indicates that if there was another contributing cause of the alleged pollution of the water, it was independent of, and separate from the ore washer erected and owned by the defendant. It is sufficient for each offender, if acting separately, to be mulcted for its own wrong." 100 Ala. 261, 14 South. 171, 46 Am. St. Rep. 48.

This rule has been sustained by the weight of authority in the American courts. A. & B. A. L. Ry. v. Wood, 160 Ala. 657, 668, 49 South. 426; Tutwiler Coal, Coke & Iron Co. v. Nichols, 146 Ala. 364, 371, 39 South. 762, 119 Am. St. Rep. 34; So. I. & S. Co. v. Acton, 8 Ala. App. 502, 507, 62 South. 402. See, also, on the subject, notes to Miss. Mills Co. v. Smith, 30 Am. St. Rep. 546, 555, and 557; Bowman v. Humphrey, 6 L. R. A. (N. S.) 1113, notes; Day v. Louisville Coal & Coke Co., 10 L. R. A. (N. S.) 168, note; 24 L. R. A. (N. S.) 1185, 1186, and notes.

[7] The court committed no reversible error in giving the affirmative charge as to the third and fourth counts of the complaint. The burden was on plaintiffs to show negligence, or that there was a willful and wanton use of the waters, so as to create a nuisance to plaintiffs' damage, as charged. Every issue presented by the evidence was properly submitted to the jury under counts 1 and 2, charging as the proximate cause of his injuries the wrongful, unlawful acts and doings of the defendant as averred, or the keeping and maintenance of a nuisance to plaintiffs' property and damage.

[8] The charge of the court as to permanent injuries to plaintiffs' lands was in consonance with the testimony of Mr. Leo Jones, who said there had not been "permanent damages, if they stop putting this stuff in there." Hosmer v. Republic I. & S. Co., 179 Ala. 415, 60 South. 801, 43 L. R. A. (N. S.) 871; North Ala. C. I. & Ry. Co. v. Jones, 156 Ala. 360, 47 South. 144; Cent. of Ga. Ry. Co. v. Champion, 169 Ala. 622, 53 South. 996; Town of Vernon v. Wedgeworth, 148 Ala. 490, 42 South. 749; Drake, Ex'r, v. Lady Ensley C. I. & R. Co., 102 Ala. 501, 14 South. 749, 24 L. R. A. 64, 48 Am. St. Rep. 77; Ala. Cons. C. & I. Co. v. Vines, supra, 151 Ala. 405, 44 South. 377. This evidence fails to show that the defendant had done a wrongful act to plaintiffs' land, which produced an injury that was not only immediate, but necessarily continued to produce loss independently of any wrongful subsequent act. Because of such failure of proof, all resulting damages, both before and after the commencement of the suit, may not be recovered in the one action. Ala. Cons. C. & I. Co. v. Vines, 151 Ala. 398, 44 South. 377; Sloss-Sheffield S. & I. Co. v. Mitchell, 181 Ala. 576, 61 South. 934; 4 Sutherland, Damages (4th Ed.) §§ 1042, 1047.

Under the evidence, the several written charges given at defendant's request correctly instructed the jury as to the right of use of water courses by riparian owners.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.