[Tannehill v. Birmingham Railway, Light & Power Co.]

# Tannehill *v.* Birmingham Railway, Light & Power Co.

## *Damage for Injury to Passenger.*

(Decided November 30, 1911. Rehearing denied February 12, 1912. 58 South. 198.)

1. *Carriers; Injury to Passenger; Issues; Evidence.*—In an action against a street car company for injuries received by a passenger in alighting from a car, where the sole defense was a denial of the negligence, proof in denial thereof is available under the general issue.

2. *Same; Instructions.*—A charge asserting that if the jury are reasonably satisfied from the evidence that plaintiff alighted from said car between stations while it was in motion, and. that her doing so proximately contributed to her injuries, then the verdict must be for the defendant, was properly given under the theories of the evidence in this case.

3. *Same.*—Where plaintiff claimed that she was injured while she was attempting to alight, but defendant denied that negligence and asserted that she attempted to alight from the car while it was in motion, charges asserting that if she attempted to alight from the car while in motion between stations, she assumed the risk and could not recover; and that while it was not negligence as a matter of law for a passenger to alight from a slowly moving car, yet, if her alighting was the proximate cause of her injury, she cannot recover, merely presented defendant's theory under the evidence, and not the issues of contributory negligence and assumption of risk.

4. *Appeal and Error; Harmless Error; Instructions.*—Where the only issues were whether or not plaintiff was thrown from the car by a sudden movement of the car while she was attempting to alight, erroneous instructions on the question of contributory negligence were not prejudical.

5. *Charge of Court; Abstract.*—While a negligent act is none the less negligent because performed in good faith, a .refusal to instruct to that effect is not reversible error where the mere abstract statement is all that was requested.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Amanda Tannehill against the Birmingham Railway, Light & Power Company for injuries alleged to have been received by her while a passenger

in alighting from a car. Judgment for defendant, and plaintiff appeals. Affirmed.

There was but one count in the complaint, charging simple negligence. The pleas were: (1) The general issue. (2) Contributory negligence, in alighting from the car while in motion between stations, and after being warned not to do so. (3) Contributory negligence in alighting from the car. while it was in motion between stations, at a time when it was obviously dangerous to do so.. (4) Contributory negligence in alighting from a car while in motion between stations, and while running at a speed greater than six miles an hour. Demurrers were interposed to these pleas and overruled.

The following is the charge requested by plaintiff and refused: (7) "The court charges the jury that a negligent act is none the less negligently performed because of the good faith which characterizes it."

The following charges were given for the defendant: (2) "I charge you that, if you are reasonably satisfied from the evidence that plaintiff alighted from said car between stations while it was in motion, and that her so doing proximately contributed to her injuries, then you must find for the defendant." (3) "If you are reasonably satisfied from the evidence that the plaintiff alighted from said car while it was in motion between stations, and that the car was at said time being carefully and properly operated, then I charge you plaintiff assumed the risk of injury which proximately resulted from such motion of said car." (4) "While it is not negligence as a matter of law for a passenger to alight from a slowly moving street car, yet I charge you that, if you are reasonably satisfied from the evidence that plaintiff alighted from said car while it was in motion between stations, and that at

said time the said car was being carefully and properly operated, and that her said so alighting from said car while in motion was the proximate cause of her injury, then you must find for the defendant." (5) "If you are reasonably satisfied from the evidence that plaintiff alighted from said car while it was in motion between stations, and after being warned not to do so, and that her so doing proximately caused her said alleged injury, then you must find for the defendant."

DENSON & DENSON, for appellant. The court erred in overruling plaintiff's demurrer to defendant's pleas of contributory negligence.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 575; *So. Ry. v. Shelton,* 136 Ala. 208; *Creola L. Co. v. Mills,* 149 Ala. 482; *So. Ry. v. Hundley,* 151 Ala. 385. The court erred in refusing charge 7 requested by plaintiff.—*R. & D. R. R. Co. v. Greenwood,* 99 Ala. 514; *H. A. & B. R. R. Co. v. Swope,* 115 Ala. 306; *So. Ry. Co. v. Bryan,* 125 Ala. 312. The court erred in giving charge 2 for the defendant.—*Sweet v. B. R. & E. Co.,* 136 Ala. 168; *T. C. I. & R. R. Co. v. Bridges,* 144 Ala. 238. The court erred in giving charge 3 for the defendant.—*K. C. M. & B. v. Crocker,* 95 Ala. 425; *Orr,* 121 Ala. 503; *Foley v. Pioneer M. & M. Co.,* 144 Ala. 182.

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellee. The cases cited by appellant are clearly distinguishable on the law and the facts from the case at bar. There was denial of defendant's negligence and this was available under the general issue, and hence, any error in overruling demurrers to the pleas was harmless, these matters having been decided on the evidence against the plaintiff's contention.—*Hundley's Case,* 151 Ala. 385. In any event, the pleas were not

subject to the demurrer.—*New C. C. & C. Co. v. Kilgore,* 50 South. 205; *Turner v. L. & N.,* in MSS. Counsel discuss the charges given and refused, but without further citation of authority.

ANDERSON, J.—As we view the evidence in this case, there was no room or field for the defense of contributory negligence, and under no aspect of the proof was such a defense available to the defendant, or was the ruling as to such a defense prejudicial to the plaintiff. The evidence discloses simply a question of negligence vel non of the defendant, which the special pleas did not meet, and which could be, and was, controverted by the general issue. The plaintiff's theory, under the evidence, was that the car had stopped for passengers to alight at a regular stopping place, and while it was standing she attempted to alight, and while on the step the said car was suddenly started, whereby she was jerked or thrown off of same. The defendant's evidence was entirely and solely contradictory of the plaintiff's theory, and was to the effect that the plaintiff was not thrown off of the car at the stopping place, but voluntarily stepped off through no negligence of the defendant, after the car had passed. the stopping place, and after it had stopped for the station and had started again. If the plaintiff's theory was correct, she was entitled to a verdict, and the special pleas of contributory negligence did not, and could not preclude her from a recovery. On the other hand, if the defendant's evidence was believed by the jury, and which was the case, as indicated by the verdict, it was but a general denial of the negligence shown by the plaintiff's proof, and was available under the general issue. There was but one issue for the jury, and as to which the doctrine of contributory neg-

[Tannehill v. Birmingham Railway, Light & Power Co.]

ligence could have had no possible influence; and if there was error in rulings upon the demurrers to the special pleas, or as to charges relating to contributory negligence, it affirmatively appears from the bill of exceptions that it was error without injury.

Charge 7, refused the plaintiff, is in the exact language of the books and could have well been given; but it is a mere abstract statement of the law, which was abstract in the instant case, and the refusal of same was not reversible error.

There was no error in giving charge 2 at the request of the defendant. It does not seek to invoke the defense of contributory negligence, but merely instructs a finding for the defendant upon the theory of the evidence. The only negligence made out against the defendant's servants by the plaintiff's evidence is the sudden starting of the car after it had stopped on Fifth avenue and Twenty-Third street, the place where plaintiff told them to stop, and before she had alighted. The defendant's evidence controverts this theory and shows that the car had stopped at the proper place, and the plaintiff did not then attempt to alight, but waited until after it had started, and stepped off between stops. If this was true, no negligence was shown against the defendant's servants, and the charge hypothesizes the defendant's theory of the case as shown by the evidence.

Charge 3, while using the words "assumed the risk," does not really invoke an assumption of risk against negligence of the defendant, but merely attempts to invoke the same defense as set up in charge 2; that is, that defendant was not liable if plaintiff got off the car between the stations, and was not thrown or jerked off, as set up in her evidence. Worded as it is, the charge could have probably been properly refused; but there was no reversible error in giving same. Charges

4 and 5 are, in effect, the same as given charge 2, and merely seek a finding for the defendant upon proof of its theory, instead of the plaintiff's theory; that is, that she voluntarily stepped off between stops, instead of being jerked or thrown off while attempting to alight at the proper stopping place, and after the car had stopped for her to do so.

The judgment of the city court is affirmed.

Affirmed. All of the Justices concur, except Dow-DELL, C. J., not sitting.

