# Black *v.* Hankins.

## *Obstructing Water Course.*

(Decided November 21, 1912.   60 South. 441.)

1. *Limitation of Action; Torts; Continuing.*—Where surface water was caused to back on plaintiff's land by an obstruction of the water course, and the obstruction was of a continuing character and produced damage to the land and crops at each heavy rainfall, the plaintiff was entitled to recover all damages sustained within one year before the commencement of his action, regardless of when the obstruction was placed there, and this notwithstanding the one year statute of limitations.

2. *Appeal and Error; Harmless Error; Instructions.*—Where demurrers to immaterial pleas were overruled when they should have

[Black v. Hankins.]

been sustained, and plaintiff joined issue on such pleas, thereby rendering them material and defendant established them by the evidence, the defendant was entitled to the general charge although inconsistent with the rulings on demurrer, and the refusal of the court to give it, cannot be said to be harmless error.

3. *Evidence; Expert; Examination.*—Where the action was for the obstruction of a water course causing damage to plaintiff's lands and crops, a question to a witness as to what, in his judgment was the damage to the crop during the twelve months just preceding the bringing of the action was objectionable in failing to limit the damages to the obstruction complained of.

4. *Water and Watercourses; Wilful Obstruction; Punitive Damages.*—One who wilfully places and suffers an obstruction to remain in a steam for the purpose of vexing or harassing an upper owner by setting back surface water, is liable in punitive damages.

5. *Damages; Pleading; Punitive Damages.*—Punitive damages may be recovered although not claimed in the complaint.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by S. W. Hankins against J. M. Black for damages for backing water over his lands and crops. Judgment for plaintiff and defendant appeals. Reversed and remanded.

WILSON KELLY, and BANKHEAD & BANKHEAD, for appellant. Where plaintiff takes issue on an immaterial plea, the defendant is entitled to a verdict on the plea when it was established by the evidence.—*Gerald v. Tunstall*, 109 Ala. 567; *L. & N. v. Brinkerhoff*, 119 Ala. 606; *Agnew v. Walden*, 84 Ala. 502; *Williams v. McKissack*, 125 Ala. Ala. 544; 135 Ala. 230; 114 Ala. 362; 93 Ala. 153; 97 Ala. 580. The defendant was therefore entitled to the affirmative charge, and the court was in error in refusing it although inconsistent with his rulings on the pleadings.—Authorities supra. The court erred in the admission of the judgment of the witness as to damage to the crops for the twelve months preceding the bringing of the action.—*Selma R. R. Co. v. Knapp*, 42 Ala. 480; *Sloss Co. v. Mitchell*, 52 South. 69; 13 Cyc. 150.

WALTER NESMITH, and MILNER & THOMPSON, for appellee. No brief reached the Reporter.

THOMAS, J.—This is an action of case brought by the appellee, Hankins, against the appellant, Black, for the recovery of damages claimed to have resulted from an alleged obstruction by Black of a water course flowing through certain adjoining lands of Black and Hankins; Hankins being the upper and Black the lower riparian owner of the said lands lying along the course of said stream, and it affording a natural drainage for each.

The complaint, consisting of seven counts, was filed July 24, 1911, and alleged, in substance, that the obstruction was placed in said water course by Black on his own lands on or about January 1, 1909, and that as a result thereof the surface water from plaintiff's land, which had theretofore flowed off through ditches drained into said stream as its natural drainage, was, since said obstruction, which had caused the bed of said stream to fill in, forced back upon plaintiff's land, causing it to be overflowed and covered with sand and water, etc., during heavy rains, to the injury of the land and crops during the years 1910 and 1911. The defendant (appellant here) filed four pleas to the action—the general issue, the statute of limitations of one year, following substantially the Code form, and two special pleas, numbered 3 and 4, respectively, which, as they are brief, are here set out, to wit:

"(3) That more than one year elapsed after the alleged filling in of the creek or stream before suit was filed; wherefore the cause of action is barred by the statute of limitations of one year.

"(4) That more than one year elapsed after the wrongs and injuries complained of as having been committed by the defendant before the suit was brought."

It will be observed that, varying merely in the form of the allegation, the two present the same proposition; and it is clear that neither is a sufficient answer, in law, to the complaint, for the reason that, although the obstruction may have been placed in the stream for more than a year before the suit was brought as alleged in said pleas, yet it was of a continuing character, and such as was alleged to produce damage to the crops and land at each recurring heavy rain; and the plaintiff would be entitled to recover all damages sustained therefrom within one year before the filing of the suit, regardless of when the obstruction was placed there.—*Hughes v. Anderson,* 68 Ala. 280, 44 Am. Rep. 147; *Drake v. Lady Ensley, etc., Coal Co.,* 102 Ala. 501, 14 South. 749, 24 L. R. A. 64, 48 Am. St. Rep. 77; *Polly v. McCall,* 37 Ala. 20; *Rountree v. Brantley,* 34 Ala. 544, 73 Am. Dec. 470; *Tutwiler Coal, Coke & Iron Co. v. Nichols,* 146 Ala. 371, 39 South. 762, 119 Am. St. Rep. 34.

These pleas were therefore clearly demurrable, and it appears from the judgment that they were demurred to—whether or not on the grounds above stated, we do not know, since the record does not contain the demurrers. It will not be necessary, however, to order a writ of certiorari to bring them up for inspection, for the reason that, for the purposes of this appeal, we shall indulge the presumption, most favorable to the appellee, that the demurrers properly took the point. This the brief of appellant's counsel practically concedes.

At this point the record presents something of an anomaly. It shows that the trial court overruled the demurrer to these immaterial pleas, which should have been sustained, as above pointed out; and yet, after issue was joined upon them and they were proved without conflict in the evidence (even the complaint, filed

July 24, 1911, alleges that the obstruction was put in the stream on January 1, 1909, which was more than a year previous to its filing), the court refused the general affirmative charge requested by the defendant, which was inconsistent with the ruling on the demurrer.

This action of the court in refusing said charge is now assigned as error by the defendant. It was clearly error; but if this were an original proposition with us we would consider the question as to whether or not it was not a case of "error without injury," since the court, in the first instance, should have sustained the demurrer filed by plaintiff to these pleas, and thereby disposed of them. However, we need not concern ourselves with even a consideration of the matter, since the Supreme Court, whose decisions are binding on us, say, in a case where the record discloses a condition substantially the same as that here, as follows: "We think the issue presented by this plea was wholly immaterial, and the plea should have been stricken on the plaintiff's motion. The plaintiff, however, instead of suffering a nonsuit and reviewing the action of the court on appeal, elected to take issue on the plea and proceed with the trial. This election by the plaintiff presents the case here to be considered as though he had *voluntarily* joined in an immaterial issue, thereby making it a material one. The evidence, without conflict, sustained this plea, and on this issue the defendant was entitled to the affrmative charge as requested."—*Wellman v. Jones,* 124 Ala. 590, 27 South. 416. See, also, as exactly in point, *Pratt Consolidated Coal Co. v. Davidson,* 173 Ala. 667, 55 South. 887.

The error pointed out is sufficient to reverse the cause; but as there are other questions presented by the record, which are likely to arise on another trial, we will dispose of them.

Under the allegations of the complaint and the rulings of the Supreme Court, it seems the injury to plaintiff's crops sustained within 12 months before the filing of the suit was a proper element of damages.—*Ala. Con. Coal & Iron Co. v. Vines,* 151 Ala. 405, 44 South. 377. And it was therefore competent to offer proof showing the extent thereof; but we are of opinion that the court was in error in permitting, over the seasonable and proper objection of defendant, the plaintiff to ask and his witness to answer the following question: "What, in your judgment, has been the damage or injury to the crops or products of this land during the past 12 months before the filing of the suit?" Pretermitting other reasons, it is sufficient to say that it is objectionable, in that it does not limit the cause of the injury or damages inquired about to the obstruction complained of. It is not necessary to decide whether or not the question calls for an objectionable conclusion of the witness. It would appear that it did, but under recent rulings of the Supreme Court the matter is doubtful. We say this in order that the plaintiff may not risk a reversal again by asking the same question on another trial. There are safer methods of proving the damage sustained to the crops.

The court did not err in refusing the written charge requested by the defendant, to the effect that the jury could not assess any punitive damages in the case. There was evidence introduced by the plaintiff from which, if believed by the jury, they would be justified in awarding punitive damages; for, according to this evidence and the inferences fairly deducible therefrom, the obstruction was willfully placed and suffered to remain in said stream for the purpose of vexing or harassing the plaintiff.—*C. of Ga. R. R. Co. v. Windham,* 126 Ala. 552, 28 South. 392; *Hughes v. Anderson,* 68 Ala.

[Stewart Bros. v. Harris, Cortner & Co.]

280, 44 Am. Rep. 147, and authorities cited. It was not necessary to the recovery of such damages that they be claimed in the complaint.—*Sparks v. McCreary,* 156 Ala. 382, 47 South. 332, 22 L. R. A. (N. S.) 1224.

This disposes of all the assignments of error. For the errors pointed out the cause is reversed and remanded.

Reversed and remanded.