[Sloss-S. S. & I. Co. v. Morgan.]


# Sloss-S. S. & I. Co. v. Morgan.

## Damages from Overflow.

(Decided February 6, 1913. 61 South. 283.)

1. *Waters and Watercourses; Pollution of Stream; Prescriptive Right.*—The fact that a corporation has acquired a prescriptive right to so pollute a stream as to greatly impair its usefulness to a lower riparian owner does not give it a right to burden the lower estate by continuously depositing in the stream debris from its mining operations, which is carried down the stream and deposited upon the lower estate, tending eventually to destroy its value.

2. *Same; Evidence to Title.*—Where the action was by a lower riparian owner for damages to his lands from pollution of a stream, evidence that the owner had lived on the land for fifty years claiming to own it, with an intermission at one time of several years, and had lived there continuously for the last fifteen years exercising acts of ownership, was sufficient to establish his title without introducing his muniments of title in evidence, where there was no proof of ownership in another.

3. *Same.*—Although all the deposits may not have been made during the limitation period pleaded, evidence of the value of land affected both before and after the deposits upon the land of which plaintiff complained was properly admitted, at least as against a general objection.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. Curtis.

Action by R. M. Morgan against the Sloss-Sheffield Steel & Iron Company for damages to land by the deposit of debris thereon. Judgment for plaintiff and defendant appeals. Affirmed.

BANKHEAD & BANKHEAD, for appellant. Defendant's special plea 6 was good, and demurrers were improperly sustained thereto.—*Shahan v. A. G. S.,* 115 Ala. 181; *Sloss-S. S. & I. Co. v. Dorman,* 159 Ala. 321. Plaintiff had notice of the acquirement by defendant of the prescriptive right to deposit debris in the stream and acquiesced therein.—*Sloss-S. S. & I. Co. v. Mitchell,* 52

South. 72. The evidence of title was not sufficient to authorize plaintiff's recovery, and the questions as to damages were improperly admitted.—*Ala.-Cent. v. Musgrove,* 169 Ala. 424.

W. C. DAVIS, and R. A. COONER, for appellee. Plea 6 presented no defense and demurrers were properly sustained.—*Polly v. McCall,* 37 Ala. 20; *S. A. M. v. Buford,* 106 Ala. 309; *Shahan v. A. G. S.,* 115 Ala. 181. The positive, negative wrong can never ripen into a right.— *Sloss-S. S. & I. Co. v. Mitchell,* 161 Ala. 278. The evidence as to title was sufficient without the introduction of muniments.—*So. Ry. v. Laird,* 39 South. 449; *A. G. S. v. Johnson,* 128 Ala. 295; 13 A. & E. Enc. of Law, 432. There was no error in the admission of evidence as to damages.—*Gosdin v. Williams,* 44 South. 611; *Brinkmeyer v. Bethea,* 139 Ala. 376.

SAYRE, J.—Plaintiff (appellee) sued to recover damages, alleging that defendant company in the operation of its coal washer and coke ovens on Horse Creek, above his property, had made deposits of dirt, mud, slate, slag, ashes, and other debris in the bed of the stream, thereby causing the stream to overflow, and deposit said debris of various kinds upon his land, greatly impairing its value for agricultural purposes, rendering the water wholly unfit for his cattle or other domestic uses; poisoning the fish, and otherwise impairing the use and value of plaintiff's premises. The theory of plea 6 is that, since the washer and coke ovens have been maintained under claim of right for more than 10 years with the same constantly recurring results, defendant had acquired the right to operate them in the manner and with the results indicated—had acquired an indefeasible easement. Public concern about the

reasonable exigencies of agriculture and manufacturing enterprise must be allowed to abate somewhat of the right of riparian proprietors to have a stream flow as it has been accustomed to flow, to receive and discharge it without appreciable impairment of its original volume or purity. This court said in *T. C. I. Co. v. Hamilton,* 100 Ala. 261, 14 South. 167, 46 Am. St. Rep. 48, that it was difficult, if not impossible, to declare the extent of this necessary concession in any precise rule applicable to all cases. It was said, however, that a stream must not be so corrupted or polluted as practically to destroy or greatly impair its value to the lower riparian owner. The courts hold, also, to the rule that, where the pollution of a water course does not constitute a public nuisance, the right to so pollute may be acquired as against a riparian owner by prescription.—*Alabama Consol. Coal Co. v. Turner,* 145 Ala. 639, 39 South. 603, 117 Am. St. Rep. 61. But the right which may be so secured is limited by the character and extent of that exercised on the one hand and endured on the other for the period of prescription, and for any increase causing material additional injury an action may be maintained.—*Mississippi Mills v. Smith,* 69 Miss. 299, 11 South. 26, 30 Am. St. Rep. 546, and note. It results that, whatever may be said in respect of defendant's acquirement by continuous adverse use of the right to pollute the stream in question so as to destroy plaintiff's fishery, if that term be not too weighty for the case, and render the water unfit for cattle or other domestic uses, defendant's continuous deposit of the debris from its mining operations in the stream, by which it has been carried down and thrown upon plaintiff's land, has continually added to the burden and injury of the lower estate, and has a natural, if not inevitable, tendency to destroy it in the end. In such

case it seems hardly necessary to say there can arise no presumption of a grant of right to invade continually the lands of lower proprietors with continually increasing detriment by additional deposits of debris, though the scheme of invasion may have been initiated by a wrong long since past remedy, and that for every increment of such wrong the injured proprietor may bring suit (note to *Shelby v. Cleveland Mill Co.,* Ann. Cas. 1912C, 179) in his own time, his recovery being confined to the demage suffered within the statutory period of limitation *(Polly v. McCall,* 37 Ala. 20). It follows that the demurrer to the sixth plea was properly sustained.

Defendant was not entitled to the general charge as it contends. This contention appears to be based upon plaintiff's failure to produce his muniments of title. But, with an intermission at one time of several years, he had lived upon the land for fifty years claiming to own it, and during the last 15 or 20 years he had continually lived there, exercising acts of ownership over the entire tract. This possession with claim of ownership was evidence of title, and in an action of this character was sufficient to establish plaintiff's interest, in the absence of proof of ownership in another.—*A. G. S. R. R. v. Johnston,* 128 Ala. 283, 29 South. 771.

In view of plaintiff's acquaintance with the land, it was competent for him as a witness for the proof of his measure of damages to state the value of the land immediately affected both before and after the deposits of which he complained. At least, this was so as against a mere general objection. If it seemed necessary, and defendant desired to limit the inquiry to damage done within the period of limitation pleaded, his objection should have taken the point specifically. And, further, to answer the specific objection now taken for the first

time, considering that this was not a proceeding for condemnation under the right of eminent domain, that there had been no division of the land into town lots, and that no contention arose as to consequential damage or benefit to those parts of the land not covered by the deposits, there was no room for the application of the rule of *Alabama Central Railroad v. Musgrove,* 169 Ala. 424, 53 South. 1009.

We have considered the errors assigned without finding cause for reversal.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.