# Pratt Cons. Coal Co. *v.* Morton.

### Damages for Maintaining Nuisance.

(Decided April 15, 1915.   68 South. 1015.)

1. **Nusiance; Private; Damages; Loss of Rent.**—If the rental value of the property has been depreciated as the result of permanent injury, caused by a nuisance maintained by defendant for which plaintiff has not recovered, the loss of rents is a recurring injury, damages for which are recoverable in repeated actions.

2. **Same; Total Destruction; Future Rents.**—Where a private nuisance results in the total permanent destruction of the property for which damages have been recovered, loss of rent cannot be recovered in a subsequent action.

[Pratt Cons. Coal Co. v. Morton.]

3. **Same; Partial Destruction; Rent.**—The recovery of damages for permanent injury resulting from partial destruction of the estate caused by a private nuisance does not bar an action for loss resulting in subsequent diminution of rental values caused by the increased burden.

4. **Same.**—Damages for permanent injury caused by a nuisance are recoverable in the same action along with injuries of a temporary nature, such as loss of rents or profits.

5. **Same; Evidence.**—Where a nuisance is continuing evidence of the value of the property before and after the injury is admissible to show the recurring damages resulting from the maintenance of the nuisance, notwithstanding the recovery of damages for permanent injury is barred by the statute.

6. **Same.**—Where the quantity of land owned by plaintiff was admitted, evidence as to the amount he conveyed for a railroad right of way was immaterial, in an action for damages for maintaining a private nuisance.

7. **Appeal and Error; Harmless Error; Evidence.**—Where a witness thereafter testified to the full extent of his knowledge on that subject, any error in sustaining the objection to questions calling for such evidence, was harmless.

8. **Evidence; Value; Purchase Price.**—Evidence as to what a plaintiff paid for his land several years before the alleged injury thereto, is not admissible to show the present market value.

9. **Nuisance; Private; Damages.**—The measure of damages for permanent injury to land resulting from the maintenance of a private nuisance, is the difference in the market value of the land just prior to the injury and after such injury.

10. **Evidence; Value; Assessment.**—Unless the owner of land participated in fixing the assessment as to value, the value placed on the land in its assessment for taxation is not admissible to show its value.

11. **Witnesses; Examination; Form of Question.**—It was proper to sustain an objection to the question asked plaintiff on cross examination as to the assessed value of the land, where the question assumed that he participated in fixing the value.

12. **Nuisance; Evidence; Other Property.**—Evidence that other neighboring houses were vacant, was not admissible to fix the rental value, in an action for damages for maintaining a private nuisance, since the vacancy of such houses may have been caused by the existence of the nuisance.

13. **Evidence; Rental Value; Opinion.**—The rental value of real estate is a collective fact provable by any person possessing a requisite knowledge of the conditions that influence such value.

14. **Appeal and Error; Harmless Error; Evidence.**—Error in excluding evidence offered for a particular purpose, admissible for other purposes, was without harm where the witness was thereafter fully examined in regard thereto, as no injury was shown.

15. **Nuisance; Damages.**—Where the pollution of water in a stream, springs and wells on plaintiff's premises was one of the elements entering into the damages to plaintiff's property caused by the operation of a coal mine belonging to defendant, evidence by defendant that water in wells in coal mines was generally impregnated with minerals, tended to introduce

[Pratt Cons. Coal Co. v. Morton.]

collateral issues, and was inadmissible, in view of the fact of common knowledge that the presence of such minerals does not render the water unfit for domestic use.

16. **Witnesses; Impeachment; Hostility.**—The rule permitting a party to show that a witness is hostile to him does not entitle him to ask his adversary whether he had a similar action against another party in no way connected with the case on trial.

17. **Nuisance; Evidence; Damage.**—Where the action was for maintaining a private nuisance, evidence by plaintiff that the water in the stream on his premises was so polluted that it killed all life therein, was admissible.

18. **Same; Jury Question.**—Where it was open to the jury to find from the evidence that the nuisance was a continuing one imposing additional burdens on plaintiff's property and tending to its ultimate destruction, great latitude must be allowed the jury in separating the damages which have accrued within one year preceding the filing of the bill from those which have accrued before that period, recovery for which is barred.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by A. F. Morton against the Pratt Consolidated Coal Company for damages to his land, and property resulting from the maintenance of a private nuisance. Judgment for plaintiff, and defendant appeals. Affirmed.

BANKHEAD & BANKHEAD, and LAMKIN & WATTS, for appellant. FRANK S. WHITE & SONS, for appellee.

BROWN, J.—This is an action on the case to recover damages resulting from a nuisance alleged to have been maintained by the defendant in the operation of its coal mines, and dumping therefrom onto the lands of the plaintiff slate, shale, and other refuse from the mines, and discharging thereon quantities of contaminated water, resulting in destroying the pure water in a stream, spring, and wells on plaintiff's premises and in impoverishing the soil, rendering it less fertile and productive.

We had occasion to restate some of the rules of law applicable to this case in our opinion in the case of *Yolanda Coal & Coke Co. v. Pierce*, 12 Ala. App. 431, 68 South. 563, and we deem it unnecessary to reiterate them here.

The main contention of the appellant is that, where permanent injury to real estate has resulted from the maintenance of a nuisance, the only damage recoverable is for the permanent injury, and the measure of damages is the difference in the market value of the property immediately preceding and immedi-

[Pratt Cons. Coal Co. v. Morton.]

ately after the injury. In other words, where the injury is shown to be permanent and the action for the recovery of damages for the permanent injury is barred by the statute of limitations of one year, no damages at all can be recovered.

(1) If as a result of the permanent injury caused by a nuisance, the rental value of the property has depreciated or has been destroyed, and the plaintiff has not recovered for the permanent injury, the loss of rents is a constantly recurring injury, and recoverable in repeated actions until the nuisance is abated.

(2) Of course, if the nuisance has resulted in total destruction of the estate, rendering it absolutely worthless and damages for the permanent injury have been recovered and the plaintiff made whole, his loss by way of rents is merged in the recovery for the permanent injury, and in lieu of rents he has compensation in the usufruct of his recovery, and cannot recover in a subsequent action.

(3) If, however, there has been only a partial destruction of the estate, the recovery of the partial destruction of the estate is not a bar to a subsequent action for damages imposed by a subsequently increased burden, resulting in intensifying the hurt or annoyance, and damages are recoverable for the increased permanent injury and the loss resulting from subsequent diminution of rental values caused by the increased burden.—4 Sutherland on Damages, §§ 1035-1048; *Sloss-Sheffield Steel & Iron Co. v. Morgan,* 181 Ala. 588, 61 South. 283.

(4) And damages for the permanent injury, whether arising from the first or the increased burden, are recoverable in the same action with injuries of a temporary nature such as rents or profits.—4 Sutherland, Dam., § 1047; *Atlanta & Birmingham Air Line Ry. Co. v. Wood,* 160 Ala. 657, 49 South. 426; *Black v. Hankins,* 6 Ala. App. 512, 60 South. 441.

(5) The result is, where the nuisance is a continuing one, the issues are very broad, and although damages for the permanent injury may be barred by the statute, it is permissible to prove the value of the property before any injury resulted to it from the nuisance, and its value after the injury as a predicate for the recovery of the constantly recurring damages resulting from the nuisance.—*Sloss-Sheffield Steel & Iron Co. v. Morgan,* 181 Ala. 587, 61 South. 283; *Tenn. Coal & Iron Co. v. McMillion,* 161 Ala. 131, 49 South. 880; *Tutwiler Coal Co. v. Nichols,* 146 Ala. 364, 39 South. 762, 119 Am. St. Rep. 34; *Gosdin v. Williams,*

151 Ala. 592, 44 South. 611; *Brinkmeyer v. Bethea*, 139 Ala. 376, 35 South. 996.

(6, 7) The application of these principles justifies the rulings of the court, with few exceptions, in the admission of evidence. The bill of exceptions constituting a part of the record contains the following statement: "Here it is admitted that the plaintiff owns his land, 27 acres, and the defendant owns the adjoining lands."

In view of this admission, the question as to how much land was embraced in the conveyance of right of way to the railroad company was clearly immaterial, and besides the record shows that the plaintiff testified to the full extent of his konwledge on this subject after the court had sustained the plaintiff's objection to the question.

(8-11) It was not permissible to prove, as showing the market value of the land, what the plaintiff paid for it several years prior to the alleged injury. The criterion in estimating permanent injury, if any, was the difference in the market value immediately before the injury and after. Before it would be permissible for the defendant to show what value was placed upon the land in its assessment for taxation, it would have to appear that the owner participated in fixing the assessed value.—*Savannah, Americus & M. Ry. v. Buford*, 106 Ala. 303, 17 South. 395; *B. M. & R. R. v. Smith*, 89 Ala. 305, 7 South. 634. The question propounded to the plaintiff on cross-examination by the defendant assumed that plaintiff participated in fixing the value, and there was no error in sustaining the plaintiff's objection to the question.

(12-14) It was not permissible to show that other houses around the mines were vacant to disprove rental value of the property, the purpose for which the defendant's counsel stated the proposed proof was offered. It might be, as the subsequent testimony of this witness tended to show, that these other houses, if there were such, were vacant as a result of the nuisance itself. The question of market or rental value is a collective fact, provable by any person possessing the requisite knowledge of conditions that influence such values.—*Jones on Ev.*, § 363. If it can be said that this evidence was admissible for other purposes than that for which defendant offered it, the record shows that the witness was fully examined on this subject by the defendant after the court ruled, and no injury is shown by the ruling complained of.

[Pratt Cons. Coal Co. v. Morton.]

(15) It was not permissible for the defendant to show that the water in wells sunk near coal mines was impregnated with mineral, nor to show generally the kind of water found around coal mines. The effect of admitting such evidence would be to inject into the case collateral issues that would, only in a very remote degree, if at all, shed any light on the main issues in the case. And the fact that water may be impregnated with mineral, as a matter of common knowledge, does not render it unfit and unwholesome for drinking purposes or domestic use.

(16) It is always competent to show that a witness is hostile to the party against whom he is called to testify, and the adverse party when called to the witness stand carries with him the fact that he is a party to the suit and interested therein, but the rule does not permit the other party on cross-examination to show that a witness occupying this relation has a suit against some third party in no way connected with the case on trial.

(17) There was no error in allowing the plaintiff to offer testimony tending to show that the water in the stream on plaintiff's premises was polluted to such extent that it had killed all life inhabiting the stream before its pollution.—*Tutwiler Coal & Iron Co. v. Nichols, supra.*

(18) That portion of the oral charge to which exception was reserved, and marked "B," while inaptly expressed, asserts in legal effect that the measure of damages for permanent injury, if any where sustained, was the difference in the market value of the property immediately before the injury and its market value after the injury. This part of the charge, when considered alone, had misleading tendencies, but these should have been corrected by explanatory charges. Under some of the tendencies of the evidence in the case, it was open to the jury to find that the alleged nuisance was a continuing one, inflicting additional burdens upon plaintiff's property tending to its ultimate destruction, and for which the plaintiff was entitled to recover damages for permanent injury caused by the additional burden (*Sloss-S. S. & I. Co. v. Morgan, supra*), and, as was stated in *Yolanda Coal & Coke Co. v. Pierce, supra,* great latitude is allowed to juries in separating the damages accruing within the year before the suit was filed from those accruing not within that period.—*Tutwiler Coal & Iron Co. v. Nichols,* 146 Ala. 371, 39 South. 762, 119 Am. St. Rep. 34; *Hughes v. Hudson,* 68 Ala. 284, 44 Am. Rep. 147. The oral charge, when considered as a whole was free from

reversible error.—*Littleton v. State,* 128 Ala. 31, 39 South. 390; *Winter v. State,* 132 Ala. 32, 31 South. 717.

The only other charge made the basis of assignment of error and insisted upon for reversal is charge 3, asserting a proposition contrary to that stated above, and it was well refused.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

Affirmed.