243 So.2d 514

Wayne **GOZA**

v.

Kenneth **MUSE.**

**8 Div. 38.**

Court of Civil Appeals of Alabama.

Jan. 20, 1971.

Loma B. Beaty, Ft. Payne, for appellant.

Dawson, McGinty & Livingston, Scottsboro, for appellee.

THAGARD, Presiding Judge.

From a judgment, pursuant to a jury verdict, for the defendant in the Circuit Court of Jackson County, Alabama, and the court's order denying appellant's motion for new trial the plaintiff brings this appeal.

Appellant's complaint contained four counts to all of which appellee demurred. The record does not disclose the court's ruling on demurrer, but evidently the court sustained the demurrer to Counts 1, 2, and 4, for in the beginning of his oral charge the court instructed the jury that it was to consider only the allegations of Count 3.

Count No. 3 charged that the defendant so negligently operated an airplane at the Scottsboro airport as to cause the same to collide with plaintiff's airplane, thereby proximately causing damage to plaintiff's airplane and the loss of the use and rental of the same. Appellee pleaded the general issue in short by consent and contributory negligence.

The evidence disclosed that at the time of the collision appellant's plane was being operated by one Dennis Parker, a student pilot who had rented the plane from appel-

lant, and appellee was operating a plane co-owned by himself and two other men.

Appellant assigned five errors. Assignment No. 5—that the court erred in overruling appellant's motion for a new trial—was not argued and was therefore waived. Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402.

■ Assignment of Error No. 1 charged that the court erred in sustaining appellee's objection to the question, "What speed do you use in your approach for a landing like this landing?" addressed to student pilot, Dennis Parker. To the objection the trial judge said: "I sustain the objection —what he did at that time." We assume that the trial judge meant that the enquiry should have been addressed to the speed at which the witness was approaching for this particular landing and not "for a landing like this landing." We agree with the trial judge.

Assignment of Error No. 2 charges that the court erred in overruling plaintiff's objection to the following question propounded to the witness Dennis Parker: "Do you know of a suit pending against you in this court filed by Mr. Muse? I will ask you if you have a suit pending in this court against you?" Appellant cites Pratt Consolidated Coal Co. v. Morton, 14 Ala.App. 194, 68 So. 1015, in support of this assignment. We have examined the *Pratt* case. In our opinion it does not support the proposition for which it is cited. Evidently appellant relies upon the following excerpt from the *Pratt* case:

> "It is always competent to show that a witness is hostile to the party against whom he is called to testify, and the adverse party when called to the witness stand carries with him the fact that he is a party to the suit and interested therein, but the rule does not permit the other party on cross-examination to show that a witness occupying this relation has a suit *against some third party in no way connected with the case on trial.*" (emphasis supplied.) (68 So. at page 1017)

For failure of appellee at that point to tie his questions to the collision upon which this suit is based, the objection might have had merit, when made, if appellant had pointed out the deficiency of the question. However, even that objection was cured by the following questions propounded to the witness immediately following the question objected to, and answers thereto:

"Q. You have a suit pending in this court brought by Mr. Muse on the plane that he owned?

"A. Yes, sir.

"Q. And you are the only defendant in that case?

"A. That is correct."

■ The two foregoing questions were not objected to by appellant, so if there was error on the part of the trial court in overruling the objection to the question quoted in appellant's assignment of error, the evidence sought was elicited without objection by the two later questions and answers thereto, and the error, if it was error, was without injury. Furthermore, the obvious purpose of the questions was to show bias on the part of the witness Parker, which was permissible.

■ By assignment of Error No. 3, appellant charges error in the sustaining of appellee's objection to appellant's question to appellant: "How many hours did you have in obtaining the private license?" This question was evidently aimed at showing that appellant had had too many hours of training to have, himself, been guilty of negligence. The issue was not how many hours of practice and training appellant had had, but whose negligence proximately caused the collision and resulting damages. No error here.

■ By Assignment of Error No. 4 appellant contends that the court erred in his oral charge to the jury by including therein a brief definition and statement of the law of contributory negligence. It is true,

as appellant argues, that there was no evidence that the pilot of appellant's plane was the agent, servant, or employee of appellant, and in any way under his control at the time of the accident, wherefore contributory negligence could not be imputed to appellant. We do not understand that appellant challenges the accuracy of the court's charge on the law of contributory negligence, but says that it was not applicable to this case, hence was abstract. The rule seems to be that the giving by the court of an abstract charge does not constitute error to reverse, and the remedy is to request an explanatory charge. Roan v. Smith, 272 Ala. 538, 133 So.2d 224. Tannehill v. Birmingham Railway, Light and Power Co., 177 Ala. 297, 58 So. 198.

We think the court charged the jury on the law of contributory negligence because that issue was framed by the pleadings if not by the evidence. Appellant might well have submitted a charge in writing to the effect that in the state of the evidence contributory negligence could not be imputed to the plaintiff. The refusal of such a charge, properly framed, probably would have been error to reverse. But appellant having failed to request such a charge, we will not hold the court in error for having given an abstract but correct statement of the law as framed by the pleadings.

We have hereinabove indicated that appellant did not argue the assignment that charged that the court erred in overruling his motion for a new trial and therefore waived the point. Most of the grounds for a new trial were embraced in the four assignments discussed herein, but three or four of them were that the verdict and judgment were contrary to the great weight of the evidence. We will discuss that ground to the extent of saying that we have carefully read the transcript, and we are clear to the conclusion that the verdict of the jury and ensuing judgment were well supported by the preponderance of the evidence.

The judgment of the trial court is

Affirmed.